### In re DE LONG FURNITURE CO.

(District Court, E. D. Pennsylvania. July 3, 1911.)

No. 3,677.

BANKRUPTCY (§ 355*)—ASSIGNMENTS OF CONTRACTS—PERFORMANCE OF CONTRACTS BY RECEIVER AND TRUSTEE—EFFECT.

Where a party to a contract assigned to his creditor the money to become due under the contract, and the party's receiver and trustee in bankruptcy carried out the contract, the money becoming due must be used to discharge the debt due the creditor, though on the failure of the receiver and trustee to complete the contract there would have been no money to which the assignment could apply.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 355.*]

In the matter of the bankruptcy of the De Long Furniture Company. On certificate of referee concerning the claim of the Kutztown National Bank. Referee's order affirmed.

Joseph R. Dickinson, for trustee.
J. H. Marx, for Kutztown Nat. Bank.

J. B. McPHERSON, District Judge. The only question presented by this certificate is the correctness of the referee's order directing the trustee to pay to the bank $508.80 in partial discharge of the furniture company's admitted debt. The company did not really assign to the bank the contracts in question, but (whatever the mere form of the transaction may have been) merely assigned the money to become due under these contracts. This is conceded to have been valid in equity as an executory agreement to assign, and, if the furniture company had continued to do business and had carried out the contracts, the bank's right to receive the money when it became due would be clear. But insolvency under the state law, and afterwards bankruptcy, intervened while the contracts were still uncompleted, and it is this fact that introduces the disturbing element. In my opinion, however, the referee came to a proper conclusion. Neither the receiver nor the trustee was bound to adopt and complete the contracts, and, if neither had undertaken to complete, there would have been no money to which the furniture company's assignment could apply, and the bank

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would have been compelled to accept the situation. But the receiver and the trustee did adopt and did carry out the contracts, and in my opinion they stepped thereby into the furniture company's shoes, and became bound in equity, as the company was already bound, to devote the proceeds to the object agreed upon between the company and the bank.

The order directing the trustee to pay $508.80 to the bank is therefore affirmed.